## Case No. 7,187.
### JAMES v. WHARTON.
[3 McLean, 492.] [1]
Circuit Court, D. Ohio.   Dec. Term, 1844.

Mr. James, in pro. per.
Mr. Parrish, for defendant.

LEAVITT, District Judge. This was an action of assumpsit, brought by the plaintiff as an assignee under the bankrupt law. On the trial, a book of accounts was produced; and the plaintiff proposed to authenticate it as evidence to the jury, by proof that the entries which it contained were in the hand writing of a clerk, now a resident of another state. This evidence was objected to, as secondary in its character, and, therefore, inadmissible, unless the death of the clerk was first proved.

The doctrine is now well settled, that a book of accounts may be substantiated by proof of the hand writing of the clerk, who made the original entries, if he is dead, or without the jurisdiction of the court. The case of Cram v. Spear, 8 Ohio, 494, is an authority in point. And recent elementary writers on the law of evidence sustain the position, that the fact of the death of the clerk is not material to the admissibility of this kind of evidence. Greenl. Ev. 143. This writer remarks, that "the value of the entry as evidence, lies in this, that it was cotemporaneous with the principal fact done, forming a link in the chain of events, and being part of the res gestae." Id. 144. But this principle does not apply to the book of accounts, now offered in evidence. This is not a book of original entries, but a mere transcript from that book, made by a clerk, who did not make those entries. The ground on which alone proof of the hand writing of the clerk gives validity to the book of accounts is, that it is the book of original entries; that the clerk is supposed to be cognisant of the transactions which it records; and, that the entries made by him, were made at or near the time they purport to have been made; and are, therefore, a

1 [Reported by Hon. John McLean, Circuit Justice.]

part of the res gestae. As a mere copy, made by a clerk who did not keep the original book, proof of his hand writing in no way conduces to establish the authenticity of the book offered in evidence; and it is, therefore, excluded from the consideration of the jury.

The plaintiff introduced other evidence to prove his account, and obtained a verdict in his favor.